BAPU CORP.; Harshad
S. Patel, Appellants

v.

CHOICE HOTELS INTERNATIONAL,
INC.

No. 09–1011.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Feb. 26, 2010.

Filed: March 16, 2010.

Michael R. Curran, Esq., Clifton, NJ, for Appellants.

David A. Haworth, Esq., John P. Mueller, Esq., Neal D. Walters, Esq., Ballard, Spahr, Andrews & Ingersoll, Voorhees, NJ, for Choice Hotels International, Inc.

Before: CHAGARES, STAPLETON, and LOURIE *, Circuit Judges.

## OPINION OF THE COURT

LOURIE, Circuit Judge.

Bapu Corporation ("Bapu") and its president, Harshad S. Patel (collectively, "appellants") appeal from the decision of the United States District Court for the District of New Jersey denying appellants' motion to vacate an arbitration award to Choice Hotels International, Inc. ("Choice"). *Bapu Corp. v. Choice Hotels Int'l, Inc.,* No. 07–CV–5938, 2008 WL 4192056 (D.N.J. Sept. 8, 2008). Because appellants have failed to show that the District Court erred in its decision, we will affirm.

## I. BACKGROUND

In 2000, the appellants entered into a franchise agreement with Choice allowing them to open and operate a hotel under the name Quality Inn. The agreement required appellants to renovate the building that they were leasing before they could operate it as a Quality Inn. Under the agreement, all renovations were to be completed by November 30, 2000. Appellants failed to make the required renovations by the deadline. Soon thereafter, Choice offered to extend the deadline for a fee. Choice contends it sent two such offers to the appellants. The first offer was sent on May 8, 2001, allowing the appellants an extension until September 28, 2001 to complete the renovations. The second offer was sent on October 16, 2001, extending the renovation deadline for another three months, until January 16, 2002. The appellants contend that they did not receive the first offer, and agree that they did not accept the second offer. Between 2002 and 2004, Choice sent default notices to the appellant, threatening termination of the contract unless appellants completed the renovation. On November 15, 2004, Choice finally sent appellants a notice of termination, stating that the contract had been terminated and that Choice was entitled to damages.

On October 19, 2006, Choice served Patel with a demand for arbitration, seeking recovery of damages sustained due to the breach of the franchise agreement by both Patel and Bapu. Appellants responded and objected to the arbitration on several grounds, including that it was barred by the statute of limitations applicable to the franchise agreement under Maryland law. Following their preliminary filing, appellants declined to participate in the arbitration. On December 13, 2007, the arbitrator conducted an arbitration hearing to consider the evidence in the case. Appellants failed to appear for the hearing. Instead, the appellants filed a complaint against Choice in the District Court of New Jersey. Appellants moved the Court to enjoin further arbitration proceedings, which it denied.

On January 9, 2008, the arbitrator issued his decision, awarding damages to Choice in the amount of $142,560 and costs in the amount of $7,975. Appellants moved the District Court to vacate the arbitration award. The Court initially granted appellants' motion to vacate the arbitration award, reasoning that the three-year period of limitations in the fran-

* Honorable Alan D. Lourie, Circuit Judge of the United States Court of Appeals for the Federal Circuit sitting by designation.

chise agreement barred Choice from initiating arbitration in 2006. *Bapu Corp. v. Choice Hotels Int'l, Inc.,* No. 07–CV–5938, 2008 WL 2559306 (D.N.J. June 24, 2008). However, upon reconsideration, the Court decided that it had overlooked the fact that, in the franchise agreement, the parties had agreed to submit the question of arbitrability itself to an arbitrator. *Bapu Corp.,* 2008 WL 4192056, at *4. Therefore, the Court concluded, it would be improper for it to substitute its judgment for the arbitrator's judgment with respect to whether the parties had agreed to arbitrate disputes more than three years old. *Id.* The Court also rejected various other grounds that the appellants had presented as justification for the Court to vacate the arbitration award. *Id.* at *4–7. The Court therefore granted Choice's motion to confirm the arbitration award. *Id.* at *7. The District Court entered judgment on November 20, 2008. Appellants timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II. DISCUSSION

"We review a district court's denial of a motion to vacate a commercial arbitration award *de novo.*" *Dluhos v. Strasberg,* 321 F.3d 365, 369 (3d Cir.2003); *Kaplan v. First Options of Chi., Inc.,* 19 F.3d 1503, 1509 (3d Cir.1994). Under the Federal Arbitration Act ("FAA"), there is a strong presumption in favor of enforcing arbitration awards. *Brentwood Med. Assocs. v. United Mine Workers,* 396 F.3d 237, 241 (3d Cir.2005). When parties agree to arbitrate, they agree to do so fully cognizant of the fact that an arbitrator's decision can only be judicially vacated under exceedingly narrow circumstances. *Dluhos,* 321 F.3d at 369–70.

Section 10 of the FAA provides in part as follows:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

> (1) where the award was procured by corruption, fraud, or undue means;

> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). The Supreme Court has recently held that section 10 of the FAA provides the exclusive grounds for vacatur of an arbitration award. *Hall Street Associates, L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 584, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008).

### A. The Three Year Limitations Period

■ Appellants argue that the arbitrator's decision to proceed with arbitration in this case was irrational. Appellants point out that the provisions of the American Arbitration Association ("AAA") Commercial Rules require an arbitrator to rule on any jurisdictional issues put forth by the parties. Appellants contend that the arbitrator here refused to properly interpret the franchise agreement or apply the law of Maryland to bar Choice's claim against the appellants. Appellants argue that the contractual limitations period of the agreement required claims to be made within three years of accrual. Similarly, they argue that the general statute of limita-

tions for Maryland, whose law was chosen under the agreement, mandates that a civil action at law shall be filed within three years from the date that it accrues. Appellants argue that Choice's claim accrued in 2000, when the appellants failed to complete renovations to the hotel before the deadline set in the agreement. Therefore, appellants argue, Choice's claim brought in 2006 was barred by the three-year limitations period. Appellants argue that the arbitrator manifestly disregarded the law by failing to address the jurisdictional issue and that the District Court erred in declining to vacate the arbitration award in light of what appellants considered was the arbitrator's manifest disregard of the law.

Choice responds that the arbitrator not only addressed the issue of jurisdiction in his preliminary rulings, but also allowed the appellants to renew objections to his jurisdiction. Choice contends, moreover, that appellants abandoned the jurisdictional dispute when they failed to renew their objections or even attend the arbitration. Choice argues that appellants would have us re-weigh and re-examine evidence presented to the arbitrator to reach a different conclusion on whether Choice's claim was barred. Choice contends that the FAA does not allow us to do so.

Preliminarily, the parties dispute whether an arbitrator's manifest disregard of the law may independently support a decision to vacate an arbitration award following the Supreme Court's decision in *Hall Street*. In *Hall Street*, the Court held that under the FAA, section 10 of the Act provides the exclusive grounds for vacatur of an arbitration award. *Id.* at 586. It did not, however, expressly decide whether the judicially created doctrine allowing vacatur of an arbitration award for manifest disregard of the law by an arbitrator would continue to exist as an independent basis for vacatur. While our sister circuits are split on this question, we have yet rule on

it. *See Andorra Services Inc. v. Venfleet, Ltd.*, No. 08–4902, 2009 WL 4691635 at *4 n. 5 (3d Cir. Dec.10, 2009). However, we see no need to decide the issue here because this case does not present one of those "exceedingly narrow" circumstances supporting a vacatur based on manifest disregard of the law. *See Metromedia Energy, Inc. v. Enserch Energy Servs., Inc.*, 409 F.3d 574, 578 (3d Cir.2005) ("Vacatur is appropriate only in 'exceedingly narrow' circumstances, such as where arbitrators are partial or corrupt, or where an arbitration panel manifestly disregards, rather than merely erroneously interprets, the law."). Here, the arbitrator, while denying the appellants' initial motion on the limitations issue as premature, also made clear to the appellants that they were allowed to raise the issue again once the record was more complete. Appellants failed to do so and therefore waived the issue. There is nothing in the record to indicate that the arbitrator disregarded the law. *See Dluhos*, 321 F.3d at 370 (stating that even an erroneous interpretation of the law is insufficient basis for vacatur). Further, appellants have presented no evidence to demonstrate that the arbitrator, in deciding to arbitrate this case, exceeded his power or violated any other grounds under section 10 of the FAA. We thus agree with the District Court that the question of arbitrability was one for the arbitrator to decide and that appellants' arguments regarding the arbitrator's jurisdiction over the case do not present grounds for vacatur of the arbitrator's decision.

**B. Arbitrator's Bias or Corruption**

■ Appellants argue that the arbitrator was biased toward Choice. They note that the arbitrator was previously a partner in a law firm that had represented a company in which Choice's present chief executive officer was a board member.

They argue that the arbitrator knew of that fact when he was selected as the arbitrator for this case by the AAA, but did not disclose this to the appellants. Appellants note that the arbitrator even communicated with them concerning the present case through his former law firm's fax machine. Given these facts, appellants argue, the District Court erred when it did not vacate the arbitrator's award based on evident bias.

Choice responds that the arbitrator is a well-regarded state judge and is highly credible. Choice contends that appellants have presented no evidence to prove that the arbitrator was aware of the tangential connection and misrepresented it to the appellants. In fact, Choice notes, the arbitrator did conduct a conflicts check and found no potential conflicts prior to the arbitration. Choice also points out that appellants accepted the arbitrator's findings and never raised the issue during the arbitration. Choice argues that the District Court properly found the connection to be too attenuated to give any appearance of bias.

We agree with the District Court that appellants failed to demonstrate an "evident partiality" on part of the arbitrator necessary to vacate an award under 9 U.S.C. § 10(a)(2). We have held that in order to meet this standard, the movant must demonstrate that a reasonable person would have concluded that the arbitrator was partial to the opposing party at the arbitration. *Kaplan*, 19 F.3d at 1523 n. 30 (citation omitted). In other words, the evidence presented to the court must be "powerfully suggestive of bias." *Id.* We disagree with appellants that proof of a remote link between the arbitrator's former law firm and Choice, one that the arbitrator was likely unaware of at the time of arbitration, constitutes such strong evidence. *See Apperson v. Fleet Carrier Corp.*, 879 F.2d 1344, 1358 (6th Cir.1989)

(proof of actual bias, not merely an appearance of bias is necessary to invalidate an arbitrator's award). Furthermore, appellants refused to participate in the arbitration or present any arguments to the arbitrator on the merits of their case. The arbitrator relied on arguments and evidence presented by Choice in coming to his decision, and there is no evidence to suggest that the arbitrator's decision was motivated by bias. The District Court properly rejected appellants' argument that section 10(a)(2) of the FAA required vacatur of the arbitrator's award in this case.

## C. Improper Service of the Demand for Arbitration

■ Appellants argue that the arbitration was commenced improperly because appellant Bapu was never served with the October 19, 2006 arbitration demand. It is undisputed that Choice instead served the demand on a different entity with the same name in Georgia. Appellant Harshad Patel was therefore the only party to the case who received the demand. Appellants contend that these facts were never revealed during the arbitration and that the arbitrator had no jurisdiction over at least one of the appellants. Appellants argue that the District Court erred when it found the incorrect service to be an innocent mistake. According to the appellants, a lack of jurisdiction over one of the parties to the arbitration should qualify as a ground for vacatur under section 10(a)(1) of the FAA.

Choice responds that mere inadvertent service of a demand for arbitration on the wrong entity does not constitute fraud. It represents that it made an honest clerical mistake. However, it notes that Patel, the president of Bapu, was indeed served with the demand and had notice that Choice's claim was against both appellants. Choice

further notes that Patel is the company's designated representative and the signatory to the agreement between the parties. Choice also points out that both appellants did initially participate in the arbitration. Therefore, Choice argues, the District Court properly found that appellants suffered no prejudice from its mistake.

We agree with the District Court that Choice's failure to serve Bapu does not suffice to vacate the arbitrator's award under section 10(a)(1) of the FAA. In reviewing cases under section 10(a), other circuits have relied upon a three-prong test to determine whether an arbitration award should be vacated for fraud. *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1383 (11th Cir.1988). Under that test, the movant must establish (1) by clear and convincing evidence, (2) fraud that was not discoverable through the exercise of due diligence prior to or during the arbitration, and (3) was materially related to an issue in the arbitration. *Id.* Here, appellants have failed to satisfy any of the three prongs of this test. There is no evidence whatsoever to support appellants argument that Choice fraudulently served the arbitration demand on the wrong entity. Moreover, given that both appellants did initially participate in the arbitration, Choice's mistake in serving the wrong entity did not implicate any of the issues decided at the arbitration.

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's order confirming the arbitration award.